**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,

vs.                                                                             Civil No. 07-483 JC/RHS
                                                                             Crim. No. 06-333 JC

MIGUEL ANGEL ESCARENO-ESCARENO,

       Defendant-Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

     1. THIS MATTER comes before the Court on Mr. Escareno-Escareno's ("Mr. Escareno's") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), filed May 15, 2007 **[Doc. No. 1]**. Mr. Escareno pled guilty to Conspiracy to Violate 21 U.S.C. § 841(b)(1)(C), in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute 50 Grams and More of Marijuana, in violation of 21 U.S.C. § 841(b)(1)(C) and was sentenced to be imprisoned for a total term of 18 months. (See United States v. Escareno-Escareno, 2:06-CR-333-JC, Judgment in a Criminal Case, filed Aug. 31, 2006 **[Cr. Doc. No. 39]**).

     2. In his § 2255 motion, Mr. Escareno contends that his conviction and sentence should be set aside because he received ineffective assistance of counsel. Specifically, Mr. Escareno alleges that his trial counsel, Jeffrey Smith, rendered ineffective assistance because he failed to negotiate a plea agreement that would allow Mr. Escareno to plead guilty to Misprision of a Felony, a charge which is "not a deportable offense." (Movant Escareno-Escareno's Memorandum of Law in Support of § 2255 motion, filed May 15, 2007 **[Doc. No. 2]**). As a

result, Mr. Escareno alleges that "except for a minimal . . . role adjustment, he derived no benefit from the plea agreement . . . . [and] is subject to deportation and removal." (§ 2255 motion at 6).

*Relevant Standards*

3. The general rule is that collateral attacks concerning guilty pleas are prohibited. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Frady, 456 U.S. 152, 165-66 (1982) (noting that in order to obtain collateral relief, a petitioner must clear a significantly higher hurdle than would exist on direct appeal). Once a defendant has pleaded guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09)) (other citations omitted). Thus, the relevant inquiry in a challenge to a guilty plea proceeding is limited to whether the underlying plea was both counseled and voluntary. Tollett, 411 U.S. at 263-64; Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993). "Performance by defense counsel that is constitutionally inadequate can render a plea involuntary." Romero, 46 F.3d at 1033 (citing Varela v. Kaiser, 976 F.2d 1357, 1357 (10th Cir. 1992)).

4. In order for Mr. Escareno to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 262 F.3d 1066, 1071 (10th Cir. 2001). Mr. Escareno must show both (1) that counsel's performance was deficient, and (2) that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir. 1994).

5. To meet the first prong of the Strickland test, Mr. Escareno must show that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688). In order to do so, Mr. Escareno must

overcome the strong presumption that his attorney's conduct fell within the wide range of competence demanded of attorneys in criminal cases.  See Gillette, 17 F.3d at 310; Hill, 474 U.S. at 56.

     6. Second, assuming that Mr. Escareno satisfies the first prong, he must also demonstrate that he was prejudiced as a result of his counsel's deficient performance.  To demonstrate prejudice, Mr. Escareno must show that there is a reasonable probability that, but for counsel's error, "he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59; see also Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001).  "[A] petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief."  Miller, 262 F.3d at 1072.

*Discussion*

     7. A review of the record indicates that Mr. Escareno entered into his plea voluntarily, knowingly and intelligently.  On June 5, 2006, Mr. Escareno signed a written plea agreement and engaged in a plea colloquy with the Honorable William P. Lynch, United States Magistrate Judge, indicating that he understood the charges against him and the consequences of pleading guilty.[1]  Mr. Escareno understood that he had a right to plead not guilty and proceed to trial.  Mr. Escareno indicated that he had reviewed the case with his attorney and was fully satisfied with his attorney's legal representation.  At the conclusion of the plea colloquy, Judge Lynch found that Mr. Escareno was competent and capable of entering into a plea, and that he entered into his plea knowingly and voluntarily.  (See FTR plea).  A defendant's statements on the record "as

---

     [1]During his plea colloquy, Judge Lynch advised Mr. Escareno: "If you are not a citizen of the United States, there's immigration consequences.  I'd say it's virtually certain you'd be deported."  (FTR recording of plea hearing before Judge Lynch on Jun. 5, 2006 ("FTR plea"), United States v. Escareno-Escareno, 06-CR-333 (D.N.M.)).

well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977) (quoted in Romero, 46 F.3d at 1033).

 8. In addition, this Court finds that Mr. Escareno's allegations fail to satisfy either prong of the Strickland test. The record shows that Mr. Escareno's counsel negotiated a plea agreement containing stipulations resulting in a nine level reduction in his base offense level. (See Plea Agreement **[Cr. Doc. No. 34]**; FTR plea). Thus, Mr. Escareno essentially argues that his counsel rendered ineffective assistance because he failed to negotiate a "better" plea agreement. However, Mr. Escareno's apparent presumption that the Government would have agreed to allow him to plead guilty to misprision amounts to sheer speculation. Second, the assumption that counsel could have performed "better" in negotiating a plea neither undermines the validity of the plea that Mr. Escareno entered, nor satisfies the standard for constitutionally deficient performance. See Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

 9. Finally, even assuming that counsel's performance was deficient, Mr. Escareno fails to satisfy the second prong of the Strickland test. Mr. Escareno neither alleges nor demonstrates that but for the allegedly deficient performance of counsel, he would have rejected the plea offer and insisted on proceeding to trial. The Court concludes that absent any showing that the Government offered or would allow Mr. Escareno to plead to misprision, and in light of the evidence against him, it is far from apparent that Mr. Escareno would have rejected the plea he was offered and proceeded to trial. Accordingly, Mr. Escareno's claim for relief on the basis of ineffective assistance of counsel should be denied.

*Conclusion and Recommendations*

Because it is possible to resolve the issues raised by Mr. Escareno on the pleadings, and the record establishes conclusively that he is not entitled to relief, the Court finds that an evidentiary hearing is not necessary. For all of the reasons set forth above, the Court respectfully recommends that Mr. Escareno's § 2255 motion be **denied** and this civil proceeding be **dismissed with prejudice**.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE